IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENRIQUE MARCANO, on behalf of himself and all others similarly situated | )<br>)<br>) |
| Plaintiff, | ) Case No. 20-cv-<br>)<br>) |
| vs. | )<br>) |
| NATIONWIDE CREDIT AND COLLECTION, INC., | )<br>)<br>) |
| Defendant. | ) <u>Jury Demanded</u><br>) |

**CLASS ACTION COMPLAINT**

Plaintiff, Enrique Marcano brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**STANDING**

3. Defendant sent Plaintiff a collection letter that failed to adequately disclose his rights under the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations. *Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

1

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Enrique Marcano ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged debt for medical services provided to him by Northwestern Medicine. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Nationwide Credit and Collection, Inc. ("NCC" or "Defendant"), is an Illinois corporation. Its registered agent is Gregg Minkow, 123 North Wacker Drive, Suite 250, Chicago, Illinois, 60606.

8. NCC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. NCC holds a collection agency license from the State of Illinois.

10. NCC's primary business is the collection of defaulted debts from individuals who incurred charges for medical care rendered by hospitals, clinics, multi-specialty physician groups, and other medical providers.

11. Defendant NCC regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

12. According to Defendant, Plaintiff incurred an alleged debt for medical services provided by Northwestern Medicine ("alleged debt").

13. The alleged debt was incurred in connection with medical care provided to the Plaintiff that was not provided in connection with any business purpose.

14. The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

15. Due to his financial circumstances, Plaintiff was unable to pay the alleged debt, and the alleged debt went into default.

16. NCC subsequently began collection activities on the alleged debt.

17. On or about July 8, 2019, NCC sent Plaintiff a collection letter ("First Letter") in an attempt to collect the alleged debt. (Exhibit A, First Collection Letter).

18. The First Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

19. The First Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

20. The First Letter lists "NCC" in the letterhead.

21. The First Letter lists the "Originating Creditor" as "Northwestern Medicine." (Ex. A, First Letter).

22. The First Letter states:

> OUR CLIENT'S RECORDS INDICATE
> THE AMOUNT DUE IS NOW YOUR RESPONSIBILITY.
> WE OFFER SEVERAL PAYMENT OPTIONS

(Ex. A, First Letter)

23. The First Letter directs that payment may be made to NCC.

24. The First Letter is signed by NCC.

25. Furthermore, Defendant directs payments to be made in care of Evergreen Bank Group.

26. The First Letter does not identify which company among NCC, Northwestern Medicine or Evergreen Bank Group is the creditor to whom the debt is owed, if any.

27. The First Letter further states that upon writing within thirty (30) days of receiving this notice, "this office will provide you with the name and address of the original creditor, if different from the ***current creditor***." (Ex. A, First Letter) (emphasis added).

28. The First Letter thus communicates the possibility that the original creditor may not be the current creditor.

29. Yet nowhere does the First Letter identify a *current* creditor.

30. A simple statement that one of the companies was the "current creditor," or that the debt was owed to such party, would have sufficed to identify effectively the name of the creditor to whom the debt was then owed. *Dennis v. Niagara Credit Sols., Inc.*, 946 F.3d 368, 371 (7th Cir. 2019) (affirming summary judgment for a debt collector who properly identified itself as the "current creditor").

4

31. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

32. NCC has failed to effectively state the name of the current creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

33. A debt collector risks violating the FDCPA when it chooses its own language that does not make clear the identity of the current creditor. *Steffek v. Client Servs.*, No. 19-1491, 2020 U.S. App. LEXIS 1759, at *12 (7th Cir. Jan. 21, 2020).

34. On or about August 19, 2019, NCC sent Plaintiff a second collection letter ("Second Letter") in an attempt to collect the alleged debt. (Exhibit B, Second Collection Letter).

35. The Second Letter conveyed information regarding the alleged debt, including an account number and balance due.

36. The Second Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

37. However, the Second Letter sought to collect an additional alleged obligation ("New Debt") in the amount of $1,340.00, which had not been included or sought in the First Letter. (Ex. B, Second Letter).

38. The Second Letter was NCC's initial communication with Plaintiff concerning the New Debt.

39. The Second Letter does not disclose any of Plaintiff's rights under 15 U.S.C. 1692g to dispute the New Debt or to request validation of the New Debt.

40. The Second Letter does not include a "Notice of Debt" as that term is understood and defined under section 1692g of the FDCPA

41. To date, NCC has not provided Plaintiff a Notice of Debt as to the New Debt.

42. NCC first attempted to collect the New Debt via the mailing of the Second Letter.

43. The alleged existence of the New Debt was first communicated to Plaintiff via the mailing of the Second Letter, yet the Second Letter states that "we sent you a notice around 30 days ago but the account(s) on the reverse side of this sheet still remain outstanding." (Ex. B, Second Letter).

44. Plaintiff was confused by NCC's implication that there was a previous communication and attempt to collect the New Debt made prior to the Second Letter, and that Plaintiff was ignoring the same.

45. An unsophisticated consumer would be confused by NCC's implication that there was a previous communication and attempt to collect the New Debt made prior to the Second Letter, and that said consumer was ignoring the same.

46. In fact, NCC did not send Plaintiff a "notice around 30 days ago" regarding the New Debt.

47. NCC's implication that it previously attempted to collect the New Debt from Plaintiff is false, deceptive, and unfair.

48. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

6

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

49. NCC violated 15 U.S.C. §§ 1692e and 1692e(10) by falsely representing that it had previously contacted Plaintiff to collect the New Debt, when such representation was false.

50. 15 U.S.C. § 1692f of the FDCPA provides:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt**.

51. NCC violated 15 U.S.C. § 1692f by unfairly creating a sense of urgency in Plaintiff as to having to pay the New Debt, by misrepresenting that a previous attempt to collect the same had been made to collect the New Debt, when no such attempt had been made.

52. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **Validation of debts**
>
> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such**

> **verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

53. NCC failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g), when it failed to advise Plaintiff of his right to dispute the New Debt, to request verification, and to request the name of the original creditor of the New Debt—and thus when it failed to provide Plaintiff a "Notice of Debt" under section 1692g as to the New Debt.

54. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM

55. Plaintiff re-alleges above paragraphs as set forth fully in this count.

56. NCC has failed to effectively state the name of the current creditor in the First Letter, in violation of 15 U.S.C. § 1692g(a)(2).

57. Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a charged off medical debt (3) by mailing a letter substantially similar to Exhibit A (4) which lists an "originating creditor" (5) but does not state a "current creditor" or "creditor" (6) during the period of time that begins one year prior to the filing of this Complaint, and ends on the date of the filing of this Complaint.

58. Exhibit A is a form letter.

59. As Exhibit A is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a judgment using a letter substantially similar to Exhibit A.

60. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

61. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

63. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

64. Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

65. NCC's "book value" net worth is over $5,000,000.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class and against NCC as follows:

    A. Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C. Such other or further relief as the Court deems proper.

**COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—INDIVIDUAL COUNT**

66. Plaintiff re-alleges above paragraphs as set forth fully in this count.

67. NCC failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g) when it failed to advise Plaintiff of his right to dispute the New Debt, to request verification as to the New Debt, and to request the name of the original creditor of the New Debt.

68. NCC violated 15 U.S.C. §§ 1692e and 1692e(10) by falsely representing that it had previously contacted Plaintiff to collect the New Debt, when such representation was false.

69. NCC violated 15 U.S.C. § 1692f by unfairly creating a sense of urgency in Plaintiff as to having to pay the New Debt by misrepresenting that a previous attempt to collect the same had been made to collect the New Debt, when no such attempt had been made.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against NCC as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: s/*Mario Kris Kasalo*
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo